UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSEPH RAIMONDO, JANET RAIMONDO,
RAIMONDO'S ARMADA COLLISION and
MICHIGAN MUSCLE COLLISION,**

    **Plaintiffs,**

                                                  **Case No. 03-CV-71972-DT**

**v.**

                                                  **HON. DENISE PAGE HOOD**

**FRITZ BUILDINGS, INC., WESTON HILLS,
L.L.C., JEFFERY FRITZ, ROBIN CARUSS,
CHERYL CARUSS and JOHN DOE,**

    **Defendants.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION/BACKGROUND**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants. A response was filed on August 28, 2006.

Plaintiffs filed five cases before this Court: 01-71353, *Raimondo, et al. v. Armada Village, et al.;* 02-71696, *Raimondo et al. v. Armada Village, et al.;* 03-71972, *Raimondo et al. v. Fritz Builders, Inc., et al.* (the instant case); 03-72991, *Raimondo, et al. v. State of Michigan, et al.;* and 04-74287, *Raimondo et al. v. Myers, et al.* All the cases are related and assigned to the undersigned pursuant to the E.D. Mich. L.R. 83.11(b)(7), the undersigned having been assigned the lowest case number. The other four cases have been dismissed by the Court.

The cases stem from zoning disputes with the Village of Armada involving Plaintiffs' property, a raid on Plaintiffs' property in April 1998, and a foreclosure action against Plaintiffs' property. In the instant Complaint, Plaintiffs allege the following claims against Defendants: 18 U.S.C. §§ 1961-1968 Racketeering Influence to Corrupt Organizations Act ("RICO") (Count 1); 42

U.S.C. § 1985 Conspiracy to Interfere with Civil Rights (Count 2); Wanton Negligence (Count 3); Conspiracy to Aid and Encourage Extortion of Real Estate Property for Personal Gains through the Means and Ways of Using Governmental Offices and Governmental Employees (Count 4); and, Conspiracy to Aid and Abet Governmental Employees for Personal Gains to Violation of Plaintiffs' Rights Covered under 42 U.S.C. § 1983 Equal Protection and Due Process (Count 5).

Plaintiffs owned Raimondo's Armada Collision and Michigan Muscle Unlimited which operated out of Plaintiffs' property at 74555 Fulton, Aramada Township. (Complaint, ¶¶ 4, 6) A foreclosure action was brought by Capac State Bank and the 74555 Fulton property was eventually sold to Defendants by the Bank. (Complaint, ¶¶ 4, 7) Plaintiffs claim that Defendants conspired with the governmental employees of Armada Village in order to obtain the property. (Complaint, ¶ 9)

Defendants engaged in real estate development and home construction and sales. (Complaint, ¶ 14) Defendants purchased property located at 22850 Center Road in July 1997. The property was developed into a subdivision. (Complaint, ¶ 22) 22850 Center Road sits behind Plaintiffs' old property at 74555 Fulton. (Complaint, ¶ 21) Plaintiffs claim Defendants failed to maintain the roads to the subdivision and that the pavement has broken apart and large potholes have developed. (Complaint ¶¶ 30-31) Plaintiffs further claim that Armada Village has denied responsibility for the roads even though Armada Village has received property taxes from the new homes. (Complaint, ¶¶ 36-37) Plaintiffs claim that Defendants and the Armada Village government and governmental employees have collaborated for the intent of personal gain by Defendants at the cost of public tax paying citizens of Armada Village and Armada Township. (Complaint, ¶ 48) Plaintiffs claim they were harmed because Plaintiffs' road frontage properties were needed by Defendants for the development of Defendants' property. (Complaint, ¶ 49)

Defendants filed a Motion for Summary Judgment under Federal Rules of Civil Procedure Rules 12(c) and 56(b). The Court allowed Plaintiffs to file a late response to Defendants' Motion for Summary Judgment. It is noted that Plaintiffs' response is essentially another attack on the Court's previous decisions dismissing Plaintiffs' cases. Plaintiffs accuse the Court of many things, including being unfair to Plaintiffs. The Court will not address those accusations in this opinion, although they are without merit and unsupported by the record. Plaintiffs are free to challenge any of the Court's rulings before the Court of Appeals, which Plaintiffs have done in the other cases.

## II. ANALYSIS

### A. Standard

Rule 12(c) of the Rules of Civil Procedures provides for a motion for a judgment on the pleadings after the pleadings are closed. Fed.R.Civ.P. 12(c). Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(b). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must

be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson,* 477 U.S. at 248.

Because Plaintiffs filed the Complaint *pro se,* the Court must liberally construe their claims. Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

### B.     Count 1 / RICO

Defendants seek dismissal of Count I which alleges a violation of RICO arguing that Plaintiffs have failed to plead the existence of the distinct element of an enterprise against Defendants.

A plaintiff who asserts a civil action under 18 U.S.C. § 1962(c) must show that the defendants have engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).  A RICO enterprise is defined as "any individual, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  The enterprise element must be shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associations function as a continuing unit."  *United States v. Turkette,* 452 U.S. 576, 584 (1981).  The continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing,

rather than an ad hoc basis. *United States v. Tocco*, 200 F3d 401, 425 (6th Cir. 2000)(quoting *United States v. Kragness,* 830 F.2d 842, 856 (8th Cir. 1987)). A plaintiff must "show an ascertainable structure distinct from any structure inherent in the conduct of a pattern of racketeering activity." *Tocco*, 200 F.3d at 425. An enterprise is a separate and distinct entity from the person or named-defendants. *Durant v. Servicemaster Co.,* 159 F.Supp.2d 977, 981 (E.D. Mich. 2001)("A RICO enterprise 'cannot merely consist of the named defendants.'")(quotation omitted). Because of the disgrace that a RICO claim may bring to a defendant, courts should eliminate frivolous RICO claims at the earliest stage of litigation. *Id.*

Plaintiffs have failed to adequately plead the existence of the distinct element of an enterprise. Plaintiffs merely claim all throughout the Complaint that Defendants "have built a pattern of racketeering influence to corrupt organizations over the past ten years with public offices and officials and creating victims of citizens for their personal gains by using and bribing governmental employees." (Complaint, ¶ 83) Plaintiffs have not shown that apart from each of the defendants listed there existed an ascertainable structure distinct from each individual defendant or defendant entity. Plaintiffs have not shown that there existed a pattern or system of authority that provided direction to the group's affairs on a continuing basis. Plaintiffs have not shown that apart from the various Defendants, there existed a separate entity which constituted an enterprise. Count I, the RICO claim must be dismissed.

### C.     Count 2, 42 U.S.C. § 1985 Conspiracy

Defendants seek dismissal of Count 2, the conspiracy claim under 42 U.S.C. § 1985 because Plaintiffs are not a racial minority and Plaintiffs have not showed that any claimed conspiracy against them was motivated by racial or other class-based, invidiously discriminatory animus.

A plaintiff must establish the following elements to prove a conspiracy claim under 42 U.S.C. § 1985(3): 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir. 1996); *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir. 1998). A plaintiff must show that the conspiracy was motivated by racial, or other class based animus. *Collyer,* 98 F.3d at 233. The Supreme Court held that a plaintiff must show, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268 (1993), citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

Even if Plaintiffs are able to meet the elements required to prove a conspiracy claim under § 1985(3), Plaintiffs cannot show that the conspiracy was motivated by racial or other class based animus. Plaintiffs, who are white, have not submitted any evidence to show that Defendants conspired against them *because* of their race. Plaintiffs have not identified the racial make-up of Defendants. The Supreme Court has specifically declined to extend § 1985(3) to cover "wholly non-racial, but politically motivated conspiracies." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIA v. Scott,* 463 U.S. 825, 828-29 (1983). The Supreme Court has also declined to extend § 1985(3) to conspiracies based on economic or commercial views, status, or activities. *Id.* at 837-39. Count 2, the 42 U.S.C. § 1985 conspiracy claim, must be dismissed.

### D. Count 3, Wanton Negligence

Defendants seek dismissal of Count 3 which alleges that Defendants was wantonly negligent against Plaintiffs as Defendants schemed with others to extort Plaintiffs' property. Defendants claim

Plaintiffs cannot show that Defendants owed a duty to Plaintiffs.

A plaintiff must prove four elements to establish a *prima facie* case of negligence: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) causation; and 4) damages. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993). Duty can arise from a statute or a contract or by application of the basic rule of common law, which imposes an obligation to use due care or to act so as to not unreasonably endanger the person or property of others. *Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 95 (1992).

The duty alleged by Plaintiffs is that Defendants were negligent in their conduct and in their reasonable care for Plaintiffs' civil rights protected by the United States Constitution and that Defendants aided others on an on-going conspiracy to cause Plaintiffs to lose their property. (Complaint, ¶ 105) This claim sounds like a § 1983 claim for a constitutional violation.

Section 1983 imposes liability for violations of rights protected by the Constitution and not for violations of duties of care arising out of tort law. *See Baker v. McCollan,* 443 U.S. 137, 146 (1983). "To successfully state a claim under 42 U.S.C. § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992). The following requirements must be met: (1) the conduct at issue must have been under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,*

443 U.S. 137, 144 n. 3 (1979). Plaintiffs have not shown that any of the Defendants are state actors, were acting under color of state law or are a governmental entity.

Other than alleging that Defendants were negligent in their conduct and in their reasonable care for Plaintiffs' civil rights protected by the United States Constitution, Plaintiffs have not alleged nor have they shown that Defendants owed Plaintiffs a duty in order to prevail in a negligence action against Defendants. Count 3, the wanton negligence claim, must be dismissed.

### E. Count 4, Conspiracy to Aid and Encourage Extortion

Defendants seek dismissal of Count 4, Conspiracy to Aid and Encourage Extortion of Real Estate Property for Personal Gains through the Means and Ways of Using Governmental Offices and Governmental Employees, claiming that there is no such cause of action legally recognizable.

Count 4 of Plaintiffs' Complaint is a recasting of Plaintiffs' RICO claim found in Count 1 and the Conspiracy claim under 42 U.S.C. § 1985 found in Count 2 of the Complaint. Plaintiffs' Count 4 is dismissed for the reasons set forth above.

### F. Count 5, Conspiracy to Aid and Abet Governmental Employees for Personal Gains to Violate Plaintiffs' Rights Covered under 42 U.S.C. § 1983 Equal Protection and Due Process

Defendants argue that Count 5 must be dismissed because Plaintiffs are unable to show that Defendants are acting under color of state law as required in a 42 U.S.C. § 1983 claim.

Count 5 of Plaintiffs' Complaint restates Plaintiffs' RICO and Conspiracy claims which the Court has addressed above. Inasmuch as Plaintiffs assert a § 1983 claim, for the reasons set forth above in subsection D, the claim must be dismissed since Plaintiffs are unable to show that Defendants are state actors, are acting under color of law or are governmental entities. Count 5 of Plaintiffs' Complaint must be dismissed.

### G. Raimondo's Armada Collision and Michigan Muscle Unlimited

Defendants argue that Plaintiffs Raimondo's Armada Collision and Michigan Muscle Unlimited must be dismissed since these businesses are not represented by an attorney.

In federal court, only attorneys may represent corporations. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporate president may not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; See also, *Chaltry v. Ollie's Idea, Inc.*, Case No. M-76-26-CA-2, 1980 WL 2078 (W.D. Mich. 1980). The Raimondos are not lawyers and, therefore, cannot represent Michigan Muscle Unlimited and Raimondo's Armada Collision.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Summary Judgment (**Docket No. 54, filed May 1, 2006**) is GRANTED.

IT IS ORDERED that the Complaint is DISMISSED with prejudice.

      /s/ DENISE PAGE HOOD
      DENISE PAGE HOOD
      United States District Judge

DATED: November 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2006, by electronic and/or ordinary mail.

      s/ William F. Lewis
      Case Manager